### NAHOUM v. N. E. MARCOGLOU & CO., Inc.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

CORPORATIONS (§ 448*)—ORGANIZATION—ADMISSIONS PRIOR TO INCORPORATION.
    Admissions of corporate liability, made prior to the completion of the incorporation, are not binding on the company.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1709, 1789–1792; Dec. Dig. § 448.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Julius Nahoum, doing business as the Western Trading Company, against N. E. Marcoglou & Co., Incorporated. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Frank E. Hipple, of New York City (William G. Phlippeau, of New York City, of counsel), for appellant.

Siegeltuch & Silverman, of New York City, for respondent.

BIJUR, J. This action was brought to recover the agreed price of certain tobaccos. Defendant, as appears from its name, is a corporation duly organized under the law of the state of New York. Its incorporation was not completed until August 25, 1913. Whatever admissions of liability were sought on the trial to be charged against it in respect of the transactions sued upon were made prior to that date, and were therefore manifestly not binding upon it. There is no claim that subsequent to its incorporation it adopted these admissions expressly or impliedly. There is not a scintilla of testimony as to anything done by or said on behalf of the company after its incorporation, nor is there any evidence that it received the goods sued for.

It is elementary, therefore, that the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.